This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38561**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**SKEETER W. CHADWICK,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellant

Gary C. Mitchell, P.C.
Gary C. Mitchell,
Ruidoso, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Skeeter Chadwick was charged with twenty-five counts of larceny of livestock, contrary to NMSA 1978, Section 30-16-1(G) (2006). The State appeals following the district court's grant of Defendant's motion to merge the larceny counts in the indictment. We affirm.

### BACKGROUND

**{2}** For purposes of his motion, Defendant attached a transcript of the grand jury hearing and the following factual background is taken from that exhibit. Defendant is accused of stealing twenty-five head of no-brand cattle from the Ganada ranch and transporting them to San Angelo, Texas to sell. Kendale Hendrix, separately charged for his participation in the theft, stated that he loaded the cattle at the ranch and then picked up Defendant in Carlsbad. While en route to the sale barn in San Angelo, an off-duty cattle inspector spotted the shipment and made a report to the New Mexico Livestock Board of a possible illegal shipment of cattle. Upon arrival, a special ranger with the Texas Southwest Cattle Raisers reported that he saw two men unload twenty-four head of no-brand cattle; one calf was too weak to walk off the trailer and the sale barn refused to accept the animal. Hendrix stated that he and Defendant made a deal where Hendrix would receive three times his normal hauling fee, would check the cattle in under his name, and Defendant would get the rest of the money for the sale. A grand jury subsequently indicted Defendant on twenty-five counts of larceny of livestock.

## DISCUSSION

**{3}** On appeal, the State argues that the unit of prosecution for larceny of livestock under Section 30-16-1(G) is per head of cattle stolen. Specifically, the State argues that the legislative history, the statutory language, and the statutory framework all indicate the Legislature's intent to allow separate punishments for each head of cattle stolen. Furthermore, the State maintains that the single-larceny doctrine does not apply.

**{4}** The issues raised in this case, and the State's arguments on appeal, are substantively identical those addressed in *State v. Torres*, 2020-NMCA-___ (Nos. A-1-CA-37642 and A-1-CA-38099, Aug. 13, 2020). In that case, we determined that the single-larceny doctrine clarified the unit of prosecution under Section 30-16-1(G) such that when "several articles of property are stolen by the defendant from the same owner at the same time and at the same place, only one larceny is committed." *Id.* ¶¶ 23, 28 (internal quotation marks and citation omitted). Applying *Torres* here, we conclude Defendant could be found guilty of only one larceny of livestock because he is alleged to have stolen multiple head of cattle from the same owner at the same time and place.

## CONCLUSION

**{5}** We hold that the district court correctly determined the applicable unit of prosecution, affirm its order, and remand for further proceedings consistent with this opinion.

**{6}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**